348

In the Matter of the Claim of EDWARD J. CUTTING, Respondent, against JOHN W. COWPER COMPANY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, March 11, 1959.

*S. Chandler Fraser* for appellants.

*Louis J. Lefkowitz, Attorney-General* (*John J. Reilly* and *Roy Wiedersum* of counsel), for Workmen's Compensation Board, respondent.

BERGAN, J. Claimant is an iron worker. On May 29, 1953 he tripped on a plank while at work and suffered a moderately severe lumbosacral strain. The orthopedist, Dr. Pio Blanco, to whom he was referred by his own physician, reported him partially disabled and in need of local treatments to his back. This report was made shortly after the injury and other reports succeeded this, showing a continuance of partial disability. The carrier paid awards of partial disability for periods extending to January 9, 1956.

An award for a period after that has been made; and the employer and carrier appeal. Some time before January 9, 1956 the appellants took motion pictures of claimant climbing ladders, carrying loads and bending.

On May 4, 1954 Dr. Blanco had reported that the " symptoms of instability of the back predominate and are sufficiently significant to produce " the disability that claimant complained about. He added: " He has a partial disability. This might be a suitable case for fusion, or for settlement."

On July 27, 1954, after re-examination, the orthopedist reported that his opinion and recommendation " remain the same as in my last report ". On August 8, 1955 he reported he had again examined claimant, and that claimant " is still partially disabled "; and on December 2, 1955 he reported he had on November 23 examined claimant and that " My physical findings at this time were the same as they were before   *   *   * the condition of his back remains the same ". He added: " He does not deny that he is working, for apparently, he does not have a steady job."

After this report Dr. Blanco was shown the motion picture of claimant by the carrier and, on January 16, 1956, the physician wrote the carrier that " These movies demonstrate " claimant can " do any amount of climbing ladders; that he can carry any loads; and that he can bend without any difficulty ".

On the basis of the motion picture the physician said that " It is, therefore, my opinion that he can do any type of work."

He added that although his complaints of pain "cannot be denied" that "I do not think that these complaints are disabling."

It is perfectly clear that this opinion was based, not on having made any further physical examination after November 23, 1955, but on what the physician saw in the motion picture.

The letter to the carrier, expressing a medical opinion based on a motion picture taken of claimant under conditions and in time sequences wholly unexplained in the record, was sent by the physician to the board, but either did not reach the board or was misplaced if it did reach the board. It is conceded that this letter was not in the file of the case and, therefore, not before or considered by the board, until after the claim had been decided on the merits and an appeal had been taken to this court.

The next time the physician examined the claimant personally was about five weeks after he wrote his impressions based on a motion picture. This was on February 14, 1956. The actual physical examination then showed that claimant "had a very slight tenderness over the left lumbosacral area. He had pain on bending to the right and on flexion. * * * He had much pain when he assumed the erect position from a flexed position * * * Extension was limited, but not painful. * * * The condition of this patient has remained unchanged since the last visit."

The "last visit", as it has been seen, was the physical examination of November 23, 1955, the report of which in turn referred to the examination made July 29, 1955, when "He is still partially disabled."

We would be of opinion that the expressed impressions of the physician based on "the moving pictures" of the patient "while at work" would be inadmissible unless the conditions of time and continuity under which the pictures were taken were demonstrated in the record.

As the claimant himself told the Referee, he made no dispute about the fact he worked or that he did things the motion picture showed he did; but he argued: "I couldn't possibly do it for an eight-hour day" and the issue was how much and how long he could work, since the claim involved not total, but partial disability.

Even if these impressions of the physician gained from a moving picture not in the record are to be deemed technically admissible, there is still substantial evidence based on an actual and later physical examination of the claimant by the same

physician on February 14, 1956 from which the board could find that the partial disability continued.

There is other medical evidence, including a report by a board physician, that there was no continuing disability due to the accident; but Dr. Blanco is a specialist — a qualified orthopedist — in his field and we see no legal ground to override the judgment of the board accepting his opinion as credible.

As we have noted, Dr. Blanco's letter of January 16, 1956 was not in the board's file and was not considered on the merits of the case. The employer and carrier, presumably with the file before them, made application before the board on September 13, 1956 to review the Referee's decision of April 2, 1956 continuing the partial disability award after January 9, 1956.

The board affirmed the Referee October 4, 1956 and the appeal to this court was taken October 22, 1956. After it was pending, on November 19, 1956, appellants applied to the board for a "reconsideration" on the basis of Dr. Blanco's January 16, 1956 letter. The board denied this application. We consider that denial of the motion for reconsideration is properly before us on the appeal taken October 22, 1956 (cf. Civ. Prac. Act, § 580), and that the application to reopen on the basis of this letter was properly denied.

Appellants seem to suggest on the argument that they were precluded in some way from showing the motion picture to the Referre and the board. The record gives no support whatever to this suggestion. The Referee at the opening of the hearing of April 2, 1956 told the claimant that "I understand" motion pictures had been taken "and they have been showing the motion pictures to the doctors, and the doctors seem to feel that you can do a lot more work than what you used to tell us."

The claimant replied that he never contended that "I couldn't do any work". The award was made by the Referee explicitly on the actual physical examination made by Dr. Blanco on February 14, 1956. No suggestion whatever was made by the carrier on the record that the Referee look at the pictures.

On the review before the board the appellants stated that they advised the Referee they "would be perfectly willing to produce moving pictures and produce the doctors if he thought it was necessary and he said he didn't think that was necessary and made his decision". None of this appears in the record presented to us of the proceedings before the Referee.

This would in any event not constitute an offer of proof. The same sort of suggestion was made on review to the board itself to take this evidence, "if it is the decision of the Board", i.e.,

to look at the pictures if it wants to. We do not think it unnecessarily burdensome to require a party who wants proof considered to offer it.

We regard the decision that partial disability continued beyond January 9, 1956 sustained by substantial evidence.

The award should be affirmed, with costs to the Workmen's Compensation Board.

FOSTER, P. J., COON, HERLIHY and REYNOLDS, JJ., concur.

Decision and award affirmed, with costs to the Workmen's Compensation Board.